[Civ. No. 7899.   Third Dist.   Feb. 27, 1951.]

SEABOARD FINANCE COMPANY, Appellant, v. MILES & SONS, INC., et al., Respondents.

Ralph Robinson, Bromley, Ritter & Lindersmith for Appellant.

C. Ray Robinson, R. A. McCormick and Margaret A. Flynn for Respondents.

ADAMS, P. J.—Plaintiff by this action sought to recover on a check drawn by defendant, payable to plaintiff, payment of which was stopped after its delivery to plaintiff. Defendant

pleaded by way of answer that there was no consideration for the check. From the evidence introduced it is inferable that defendant had in its employ one Davies who was employed as a subcontractor. Davies was indebted to plaintiff, the debt being payable in monthly installments. At the request of Davies, and merely as a convenience to him, for a period of several months defendant sent its checks to plaintiff in payment of the installments due from Davies, each payment being deducted by defendant from the amount due Davies at the end of the month; but at no time did defendant obligate itself to plaintiff or to Davies to do so, nor does it appear that plaintiff even knew of the arrangement. Payment on the contested check was stopped because Davies ceased to be employed by defendant. During the trial the court asked counsel for plaintiff whether, if no check had been written, plaintiff would have had a cause of action against defendant, and the answer was that it would not. Accepting this as an admission that defendant was under no obligation to plaintiff and that the check was given to plaintiff without consideration, judgment was entered for defendant. Plaintiff has appealed, its contention before us being that the check itself implied a consideration, and, also, that it was a holder of the check in due course, and, as such, not subject to the personal defense of lack of consideration. ■ But appellant was the original payee and not one to whom the check had been transferred by the payee; and if appellant's argument were sound it would follow that the drawer of a check, or the promisor of a promissory note, though such check or note had never been negotiated by the payee or promisee and was still held by it, could never avail himself of the defense of lack of consideration. This is not the law.

■■ While it is true that consideration for the check is inferable from the instrument itself, such inference or presumption is rebuttable, and in this case was sufficiently rebutted. There was uncontradicted testimony that the payments made to plaintiff by defendant were made because Davies told defendant that he would like to have it make his payments for him, but that at no time, either orally or in writing, did defendant ever say to any officer of plaintiff that it would guarantee the payments. Defendant was not obligated to Davies to continue to make payments for him even if he continued in its service, which he did not; and plaintiff, knowing nothing of anything which transpired between defendant and Davies, had no reason to expect that defendant

would make payments due it from Davies. It is not contended that defendant owed anything to plaintiff, nor was it shown that plaintiff suffered any loss or detriment by reason of the stoppage of payment on the check. For all that appears in this record no payment to plaintiff from Davies may have been due when this action was begun or said check was drawn. At most, the presumption flowing from the written instrument created only a conflict of evidence which the trial court resolved against plaintiff.

As for plaintiff's contention that it was a holder in due course and, as such, not subject to the defense of lack of consideration, such a holder is defined in Civil Code, section 3133, as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

(1) That it is complete and regular upon its face;

(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

(3) That he took it in good faith *and for value;*

(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." (Italics added.)

This section, and those immediately following it, are premised upon the proposition that the holder in due course is one who has taken the instrument from the original payee; that he has, without notice of any infirmities therein or defect in the title of the person negotiating it, given value to the person who negotiated it to him. There is nothing in that section that holds or implies that while the instrument is in the hands of the original payee, the latter, in attempting to enforce it, is not subject to the defense of lack of consideration, or that he is more than a mere holder.

The evidence sufficiently establishes that defendant received no consideration for the check, wherefore the judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.